IN THE CIRCUIT COURT FOR THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA    RECEIVED

TAMARA L. ZUBATUK,

    Plaintiff,

vs.

METLIFE INVESTORS USA
INSURANCE COMPANY,

    Defendant.

_____ /

APR 2 7 2012
CLERK OF CIRCUIT COURT
HILLSBOROUGH COUNTY, FL

CASE NO. 12 - 06866

DIVISION C

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, TAMARA L. ZUBATUK (hereinafter "ZUBATUK"), by and through her undersigned counsel, hereby sues Defendant, METLIFE INVESTORS USA INSURANCE COMPANY (hereinafter "METLIFE"), and states as follows:

### THE PARTIES

1.    At all times material hereto, Plaintiff ZUBATUK is and was a resident of Hillsborough County, FL.

2.    At all times material hereto, Defendant METLIFE is and was a foreign corporation authorized to do business in and doing business in Hillsborough County, FL.

### JURISDICTION AND VENUE

3.    Pursuant to Fla. Stat. § 47.051, venue is proper in this Court because Defendant METLIFE has an agent or other representative in Hillsborough County, FL and/or the cause of action accrued in Hillsborough County, FL.

4.    This Court has jurisdiction as this is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00), exclusive of costs, interest and attorney's fees.

1

## GENERAL ALLEGATIONS

5. Plaintiff ZUBATUK is the owner and beneficiary of a term life insurance policy, Policy No. 209 106 898 US (hereinafter "Policy"), issued by Defendant METLIFE, which insured the life of her late husband, Steven G. Zubatuk. Attached as **Exhibit "A"** is a copy of the policy or, at a minimum, the forms of the policy in Plaintiff's possession.

6. Said policy was in full force and effect on October 11, 2011.

7. On October 11, 2011, Steven G. Zubatuk expired.

8. Thereafter, Plaintiff ZUBATUK made an application for insurance benefits under the Policy, but Defendant METLIFE has failed and refuses to pay the benefits to which Plaintiff ZUBATUK is entitled.

9. All conditions precedent to obtaining payment of said benefits under the Policy have been complied with, have been met or have been waived.

## COUNT ONE – BREACH OF CONTRACT

10. Plaintiff ZUBATUK re-asserts and re-alleges all allegations contained in paragraphs one through nine as if fully asserted herein.

11. Defendant METLIFE has breached the Policy by failing to pay Plaintiff ZUBATUK the benefits due thereunder.

12. Plaintiff ZUBATUK has suffered damages in that she has been denied the benefits due under the Policy.

13. Plaintiff ZUBATUK is entitled to the face amount of the Policy.

14. Due to Defendant's refusal to pay the benefits due under the Policy, Plaintiff ZUBATUK has been required to retain the services of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

15.     Plaintiff ZUBATUK is entitled to attorney's fees pursuant to section 627.428, Florida Statutes.

**WHEREFORE,** Plaintiff ZUBATUK demands judgment against Defendant METLIFE for: (1) all general and special damages including but not limited to the face amount of the Policy; (2) pre-judgment interest; (3) court costs, expert fees and attorney's fees pursuant to section 627.428, Florida Statutes; and (4) such other and further relief as the court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff ZUBATUK demands a jury trial on all issues so triable.

Dated _April 27, 2012_

Respectfully submitted,

Michael B. Germain, Esq.
Florida Bar Number 667013
GERMAIN LAW GROUP, P.A.
3412 W. Bay to Bay Blvd., Ste. K
Tampa, Florida 33629
Tel.: (813) 835-8888
Fax: (813) 835-8889
Attorneys for Plaintiff

3